M8PKHARP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                    22 CR 457 (LTS)

AIMEE HARRIS,

         Defendant.

------------------------------x

                                 New York, N.Y.
                                 August 25, 2022
                                 12:10 p.m.
Before:

                  HON. SARAH L. CAVE,

                                 Magistrate Judge

                    APPEARANCES


DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
JACQUELINE KELLY
MITZI STEINER
     Assistant United States Attorneys

SANFORD N. TALKIN
     Attorney for Defendant

M8PKHARP

 1          (Case called)

 2          MS. STEINER:  Good afternoon, your Honor.  Mitzi

 3   Steiner and Jacqueline Kelly, for the government.

 4          THE COURT:  Good afternoon.

 5          MR. TALKIN:  Good afternoon, your Honor.  Sam Talkin,

 6   for Ms. Harris, who is seated to my right.

 7          THE COURT:  Good afternoon.

 8          Good afternoon, Ms. Harris.  I'm Magistrate Judge

 9   Cave.

10          Ms. Steiner, our first order of business is the

11   presentment.

12          May I have the date and time of arrest or surrender?

13          MS. STEINER:  Yes, your Honor.  Ms. Harris surrendered

14   this morning, at approximately 7:45 a.m.

15          THE COURT:  Thank you.

16          So, the initial purpose of today's proceeding,

17   Ms. Harris, is because you've been charged with certain crimes

18   in an information.  So, the initial purpose of today's

19   proceeding is to advise you of certain rights that you have,

20   inform you of the charge against you, consider whether counsel

21   should be appointed, and decide under what conditions, if any,

22   you will be released pending trial.

23          I'll now explain certain constitutional rights that

24   you have.

25          You have the right to remain silent.  You're not

M8PKHARP

1    required to make any statements.  Even if you've already made

2    statements to the authorities, you do not need to make any

3    further statements.  Any statements that you do make can be

4    used against you.

5          You have the right to be released, either

6    conditionally or unconditionally, pending trial unless I find

7    that there are no conditions that would reasonably assure your

8    presence at future court appearances and the safety of the

9    community.

10         If you are not a U.S. citizen, you have the right to

11   request that a government attorney or law enforcement official

12   notify a consular officer from your country that you have been

13   arrested.  In some cases, a treaty or other agreement may

14   require the United States Government to give that notice

15   whether you request it or not.

16         You have the right to be represented by an attorney

17   during all court proceedings, including this one, and during

18   all questioning by the authorities.

19         You have the right to hire your own attorney.  If you

20   cannot afford an attorney, the Court will appoint one to

21   represent you.

22         Do you understand all the rights I have just

23   explained, ma'am?

24              THE DEFENDANT:  Yes, ma'am.

25              THE COURT:  Thank you.

M8PKHARP

1          And, Mr. Talkin, you don't need to be appointed; is

2    that right?

3          MR. TALKIN:  Correct.

4          THE COURT:  Okay.

5          So, the United States Attorney, Ms. Harris, has

6    charged you in an information with certain felony offenses.

7          Count One of the information charges that in

8    September 2020, you and another person conspired to steal,

9    transport across state lines, and sell personal property

10   belonging to another person, in violation of 18, U.S.C.,

11   Section 371.

12         Mr. Talkin, do you have a copy of the information?

13         MR. TALKIN:  I do, your Honor.

14         THE COURT:  And have you reviewed it with Ms. Harris?

15         MR. TALKIN:  Yes, I have.

16         THE COURT:  Does she waive a full public reading

17   today?

18         MR. TALKIN:  She does.

19         THE COURT:  Ms. Harris, you have the constitutional

20   right to be charged by indictment by a grand jury.  The

21   information filed by the United States Attorney is simply a

22   notice of the charges against you.  Because you're charged with

23   a felony offense, you can be charged by information only if you

24   waive your constitutional right to an indictment.

25         An indictment is when a grand jury hears evidence

M8PKHARP

1   about the alleged offenses and returns an indictment finding

2   probable cause to believe that you committed the alleged crimes

3   described in the information.

4          A grand jury consists of 23 persons, 16 of which must

5   be present to hear the case, and at least 12 grand jurors must

6   find probable cause in order for you to be indicted.

7          Have you discussed with Mr. Talkin your right to

8   indictment by the grand jury?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  And do you understand you have the right

11   to be indicted by a grand jury?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Have any threats or promises been made to

14   induce you to waive your right to indictment?

15          THE DEFENDANT:  No.

16          THE COURT:  Do you, in fact, wish to waive your right

17   to indictment by a grand jury?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Mr. Talkin, is there any reason that

20   Ms. Harris should not waive indictment?

21          MR. TALKIN:  No, your Honor.

22          THE COURT:  I do have before me a signed waiver of

23   indictment.  I find that the waiver of indictment has been

24   knowingly and voluntarily made by Ms. Harris.  We'll accept her

25   waiver, and the record will reflect that she has waived

M8PKHARP

1    indictment.

2              Mr. Talkin, is your client prepared to enter a plea to

3    the information at this time?

4              MR. TALKIN:  She is, your Honor.

5              THE COURT:  Okay.  And what is that plea?

6              MR. TALKIN:  She offers to enter a plea of guilty to

7    the lone count of the information.

8              THE COURT:  So we'll now proceed to the plea

9    allocution, but the record will reflect that Ms. Harris has

10   been arraigned.

11             Ms. Harris, I have before me a form entitled "Consent

12   To Proceed Before A United States Magistrate Judge On A Felony

13   Plea Allocution," that has your signature, what appears to be

14   your signature.

15             What this form says is that, knowing that you have the

16   right to have your plea taken by a United States district

17   judge, you are agreeing to have the plea taken by me, a United

18   States magistrate judge.

19             Do you understand that?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  And, is that correct, do you, in fact,

22   consent to have me hear your plea allocution?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  Did you, in fact, sign this consent that I

25   have before me?

M8PKHARP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Thank you very much.  I will accept your

3     consent.

4              I'll now ask my deputy to swear in Ms. Harris.

5              (Defendant sworn)

6              THE COURT:  Thank you.  You can be seated.

7              Now, the purpose of this next stage of the proceeding,

8     Ms. Harris, is to make sure that you understand your rights, to

9     decide whether you are pleading guilty of your own free will,

10    and to make sure you're pleading guilty because you are guilty

11    and not for some other reason.

12             Do you understand that any statements you make here

13    may be used against you in a prosecution for perjury or making

14    false statements?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Can you please state your full name for

17    the record?  And if it's easier for you, take your mask down

18    while you're speaking, so we can hear you.

19             THE DEFENDANT:  Aimee Leanne Harris.

20             THE COURT:  How old are you, ma'am?

21             THE DEFENDANT:  Forty.

22             THE COURT:  Are you a citizen of the United States?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  Are you able to read and write in English?

25             THE DEFENDANT:  Yes.

M8PKHARP

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  Some college.

3          THE COURT:  Are you now, or have you recently been,

4    under the continuing care of a doctor or psychiatrist for any

5    reason?

6          THE DEFENDANT:  No.

7          THE COURT:  Have you been hospitalized in the past for

8    mental illness?

9          THE DEFENDANT:  No.

10         THE COURT:  Have you been hospitalized in the past for

11   alcoholism?

12         THE DEFENDANT:  No.

13         THE COURT:  Have you been hospitalized in the past for

14   narcotics addiction?

15         THE DEFENDANT:  No.

16         THE COURT:  As you sit here today, are you under the

17   influence of any mind-altering drug or alcoholic drink?

18         THE DEFENDANT:  No.

19         THE COURT:  And, so far, have you been able to

20   understand everything I've said to you?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Have you seen a copy of the information in

23   this case?

24         THE DEFENDANT:  Yes.

25         THE COURT:  And have you read it?

M8PKHARP

1          THE DEFENDANT:  Yes.

2          THE COURT:  And do you understand what it says you

3     did?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Have you had a chance to discuss the

6     charges and how you wish to plead with Mr. Talkin?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Are you satisfied with his representation

9     of you?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Have you had a full opportunity to discuss

12    the case with him?

13         THE DEFENDANT:  Yes.

14         THE COURT:  And are you ready to enter a plea today?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Pursuant to Federal Rule of Criminal

17    Procedure 5(f), I want to confirm that the government is aware

18    of and has fulfilled its obligations under *Brady v. Maryland*

19    and its progeny to disclose to the defense all information,

20    whether admissible or not, that is favorable to Ms. Harris,

21    material either to quilt or to punishment, and known to the

22    government.

23         MS. STEINER:  Yes, your Honor, the government has --

24    is aware of its obligations and has fulfilled them in this

25    case.

M8PKHARP

1        THE COURT:  Thank you very much.

2        Ms. Harris, Count One of the information, as I

3   mentioned earlier, charges you with conspiracy to commit

4   interstate transportation of stolen property, in violation of

5   18, U.S.C., Section 371 and 2314.

6        Do you understand these charges?

7        THE DEFENDANT:  Yes.

8        THE COURT:  And how do you wish to plead, guilty or

9   not guilty?

10        THE DEFENDANT:  Guilty.

11        THE COURT:  Now, with respect to the count charging

12   you with conspiracy to commit interstate transportation of

13   stolen property, I want you to understand that the maximum

14   penalty is a prison term of five years, a term of supervised

15   release of three years, a fine of as much as $250,000 or twice

16   what was gained because of the criminal activity, or twice what

17   someone other than yourself lost because of the criminal

18   activity, and a mandatory special assessment of $100.

19        Do you understand that?

20        THE DEFENDANT:  Yes.

21        THE COURT:  Do you understand that as part of your

22   guilty plea, you are required to give up, or forfeit, to the

23   government any money or property you received from the offense

24   or that was used to commit the offense?

25        Do you understand?

M8PKHARP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Specifically, you're agreeing to forfeit

3    to the United States $20,000, representing proceeds traceable

4    to the commission of the offense to which you're pleading

5    guilty.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  In addition, the Court could order you to

9    pay restitution to any victims.  Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you also understand that if, as part of

12    your sentence, you are placed on a term of supervised release,

13    and then violated any of the conditions of that release, you

14    could face an additional term of imprisonment?

15          THE DEFENDANT:  Yes.

16          THE COURT:  You told me earlier that you're a citizen

17    of the United States.

18          By law, I must tell that if, in fact, you are not a

19    United States citizen, a guilty plea means you may be removed

20    from the United States and denied admission to the United

21    States or citizenship in the future.

22          Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand that you have a right to

25    plead not guilty to this charge and a right to a jury trial if

M8PKHARP

1    you wish?

2                 THE DEFENDANT:  Yes.

3                 THE COURT:  Do you understand that if you pled not

4    guilty and went to trial, you would be presumed innocent, and

5    the burden would be on the government to prove your guilt

6    beyond a reasonable doubt to a jury of 12 people?

7                 THE DEFENDANT:  Yes.

8                 THE COURT:  I want you to understand there are a

9    number of other rights you would have if you pled not guilty

10   and went to trial.

11                If you went to trial, you would be entitled to be

12   represented by an attorney at all stages of the case, and if

13   you could not afford to hire an attorney, the Court would

14   provide one to you for free.

15                At a trial, you would be entitled to confront and

16   cross-examine any witnesses called by the government to testify

17   against you, you would be entitled to testify on your own

18   behalf, you could call witnesses and present evidence, and the

19   Court would compel the attendancy of witnesses you wished to

20   call at trial.

21                Also, at a trial, you would not be required to testify

22   against yourself.

23                If you were convicted at a trial, you would have the

24   right to appeal that verdict to a higher court.

25                Do you understand all the rights that I just

M8PKHARP

1    described, ma'am?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you understand you're giving up all

4    those rights if you plead guilty?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Finally, if you do plead guilty, you're

7    giving up the right not to incriminate yourself, and I am going

8    to ask you questions about what you did to satisfy myself that

9    you are actually guilty.

10             By pleading guilty, you are admitting your factual as

11   well as your legal guilt.  Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  I further advise you that many of the

14   civil rights that I described a moment ago, as well as the

15   right to vote, are controlled by state law, so the specific

16   consequences of a felony conviction will vary from state to

17   state.

18             Do you understand that if you enter a guilty plea, you

19   will not be able to withdraw this plea, there will be no trial,

20   and the only remaining step in this case will be the

21   sentencing?

22             Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And do you understand that if you are

25   surprised or disappointed by your sentence, you are still bound

M8PKHARP

1   by your guilty plea?

2              THE DEFENDANT:  Yes.

3              THE COURT:  I have before me a letter, dated

4   August 12, 2022, from the United States Attorney to your

5   attorney, containing a plea agreement.

6              Are you familiar with this letter?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Have you read it?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Is that your signature on the last page?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And before you signed it, did you discuss

13   it with Mr. Talkin?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And did he explain to you all of the terms

16   and conditions?

17             THE DEFENDANT:  Yes.

18             THE COURT:  And apart from what's set forth in the

19   letter, have any promises been made to you in order to get you

20   to plead guilty?

21             THE DEFENDANT:  No.

22             THE COURT:  In reviewing the plea agreement, I note

23   that it contains an analysis of how part of our law of

24   sentencing, known as the sentencing guidelines, may impact any

25   prison term in your case.

M8PKHARP

1          Based on that analysis, it states the conclusion that

2     the guideline sentencing range can be expected to be eight to

3     fourteen months, and the fine range of $4,000 to $40,000.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that the sentencing

7     judge, Chief Judge Swain, is required to make her own

8     independent calculation of the appropriate sentencing range

9     under the sentencing guidelines, and will also have the

10    discretion to give you a sentence below or above that range, up

11    to the maximum sentence of five years that I told you about

12    earlier?  In addition to the sentencing guidelines, she will

13    also consider the factors set forth in 18, U.S.C., Section

14    3553(a).

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  The factors set forth in Section 3553(a)

18    include, but are not limited to:  The nature and circumstances

19    of the offense, your own history and characteristics, the need

20    for the sentence imposed to reflect the seriousness of the

21    crime, deter criminal conduct, and protect the public, while

22    also providing you with any needed education, training, or

23    medical care, as well as the kinds of sentences available.

24         Do you understand the factors that I have just

25    described?

M8PKHARP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Thank you.

3              In other words, Chief Judge Swain will pronounce

4   whatever sentence she believes is the appropriate sentence for

5   you even if that sentence is different from the one in the plea

6   agreement.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  In addition, Chief Judge Swain will

10  consider the presentence report prepared by the probation

11  department in advance of your sentencing.  Before your

12  sentence, you and the government will have an opportunity to

13  challenge the facts in the presentence report.

14             Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you also understand that there is no

17  parole in the federal system; thus, if you are sentenced to

18  prison, you will not be released on parole.  Do you understand

19  that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you also understand that under the

22  terms of the plea agreement, if Chief Judge Swain sentences you

23  to a prison term that is eight to fourteen months or less, you

24  are giving up your right to appeal that sentence or to

25  challenge it in any other way, such as through a writ of habeas

M8PKHARP

1   corpus?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Also, do you understand that the plea

4   agreement says that you cannot appeal any fine of $40,000 or

5   less, and that you cannot appeal any lawful sentence of

6   supervised release?

7           THE DEFENDANT:  Yes.

8           THE COURT:  And do you understand that the plea

9   agreement also provides that you cannot appeal any forfeiture

10  order of $20,000 or less?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you also understand that the plea

13  agreement provides that you are giving up your right to

14  complain if the government withheld evidence from your attorney

15  that would have been helpful to you?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Knowing all this, everything that I've

18  said to you, do you still wish to plead guilty to Count One of

19  the information?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Has any force or have any threats been

22  used, either directly or indirectly, to influence how you plead

23  today?

24          THE DEFENDANT:  No.

25          THE COURT:  Is your plea voluntary, of your own free

M8PKHARP

1    will?

2               THE DEFENDANT:  Yes.

3               THE COURT:  And did you, in fact, commit the offense

4    charged in Count One of the information?

5               THE DEFENDANT:  Yes.

6               THE COURT:  Now, before I ask you to tell me what you

7    did, I'll ask the government to summarize the elements of the

8    offense and, if they wish, tell me any evidence they would have

9    offered at trial.

10              MS. STEINER:  Thank you, your Honor.

11              Ms. Harris is pleading guilty to a one-count

12   information charging her with conspiracy to commit interstate

13   transport of stolen property, in violation of 18, U.S.C., 371.

14              That crime has four elements:

15              First, that two or more persons agreed to commit an

16   offense against the United States, here, the interstate

17   transport of stolen property, in violation of 18, U.S.C., 2314;

18              Second, that Ms. Harris was a member of the agreement;

19              Third, that Ms. Harris joined the agreement knowing of

20   its objective, that is, to commit interstate transport of

21   stolen property and intending to join together with at least

22   one other coconspirator to achieve that purpose;

23              And, fourth, and finally, that at sometime during the

24   existence of the agreement, at least one of its members

25   performed an overt act in order to further the objective of the

M8PKHARP

1    agreement.

2              The underlying offense here is interstate transport of

3    stolen property, in violation of Title 18, United States Code,

4    Section 2314.  That provision has three elements:

5              First, that Ms. Harris transported or caused to be

6    transported in interstate commerce items of stolen or converted

7    or fraudulently obtained property, as described in the

8    information;

9              Second, that at the time of such transportation,

10   Ms. Harris knew that the property had been stolen or converted

11   or taken by fraud;

12             And, third, that the items had a value of $5,000 or

13   more.

14             The government would also have to prove by a

15   preponderance of the evidence that venue in the Southern

16   District of New York is proper.

17             The government's evidence at trial would include,

18   among other things, the following:  Text messages and emails,

19   phone records, bank records, a payment agreement, shipping

20   records, and witness testimony.

21             THE COURT:  Thank you.

22             Ms. Harris, now it's time for you to tell me, in your

23   own words, what you did that makes you guilty of the charge to

24   which you're pleading guilty.

25             THE DEFENDANT:  Okay.

M8PKHARP

1          In September 2020, I found property, including a

2     journal, belonging to another person in a place where I was

3     living.  Knowing that I did not have a right to take the

4     property, I agreed with another person and did cause a journal

5     to be transported from Florida to New York City.  The value of

6     the journal was more than $5,000.  I know this because I did

7     not directly receive the money for the journal; the

8     organization that purchased it sent two payments of $10,000

9     each for my benefit to lawyers that were representing me in a

10     child custody matter.

11          I sincerely apologize for my actions and know that

12     what I did was wrong illegal.

13          THE COURT:  Okay.  Thank you, Ms. Harris.

14          Did you know that the journal was going to be

15     transported across state lines?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And you said that you knew that you did

18     not have a right to the property; is that right, the journal?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Thank you.

21          Ms. Steiner, are there any other questions you'd like

22     me to ask Ms. Harris?

23          MS. STEINER:  Yes, your Honor.  The government would

24     appreciate if you could allocute the defendant as to additional

25     property that was taken in this case.

M8PKHARP

1            THE COURT:  Apart from the journal, Ms. Harris, was

2    there other property that you knew you did not have a right to,

3    but nevertheless took?

4            THE DEFENDANT:  Yes.

5            THE COURT:  And did you know that that property could

6    be -- did you intend that that property be transferred across

7    state lines?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Ms. Steiner?

10           MS. STEINER:  Thank you, your Honor.

11           And if you could also, additionally, ask the defendant

12   as to whether she personally transported that property across

13   state lines.

14           THE COURT:  Ms. Harris, did you personally, yourself,

15   transport any of the property, that you knew you did not have a

16   right to, across state lines?

17           THE DEFENDANT:  No, I did not.

18           (Pause)

19           MS. STEINER:  Your Honor, if we could rephrase and ask

20   Ms. Harris if she traveled with others with the property across

21   state lines?

22           THE COURT:  Ms. Harris, did you travel with a person

23   who was transporting property, stolen property, across state

24   lines?

25           THE DEFENDANT:  Yes.

M8PKHARP

1          THE COURT:  All right, Ms. Steiner?

2          MS. STEINER:  Thank you, your Honor.  No further

3   questions.

4          THE COURT:  Mr. Talkin, any questions you'd like me to

5   ask Ms. Harris?

6          MR. TALKIN:  No.  Thank you, your Honor.

7          THE COURT:  Okay.

8          Ms. Steiner, are there any other provisions of the

9   plea agreement that you'd like me to go over with Ms. Harris?

10          MS. STEINER:  No, your Honor.

11          THE COURT:  Mr. Talkin?

12          MR. TALKIN:  No.  Thank you, your Honor.

13          THE COURT:  On the basis of Ms. Harris' responses to

14   my questions and observation of her demeanor throughout today's

15   proceeding, I find that she is fully competent to enter an

16   informed plea at this time, and I also conclude that she

17   understands the nature of the charges and the consequences of

18   her plea.

19          Finally, I'm satisfied that her plea is voluntary and

20   that there is a factual basis for it.

21          So, I will recommend to Chief Judge Swain that the

22   proffered plea to Count One of the information be accepted.

23          I think we now have the matter of bail detention or

24   release.

25          Ms. Steiner, what is the government's position?

M8PKHARP

1          MS. STEINER:  Your Honor, the parties have an

2     agreed-upon bail package for the Court's consideration, which

3     includes:  A $50,000 personal recognizance bond, travel to be

4     restricted to the Continental United States, surrender of all

5     travel documents, and refraining from making any new

6     applications for such documents, drug testing, drug treatment,

7     mental health treatment, and supervision, as directed by

8     pretrial services, and adherence to all other standard

9     conditions of release.

10          THE COURT:  Okay.  Thank you, Ms. Steiner.

11          Mr. Talkin, is Ms. Harris going to be able to continue

12     her employment, do we know?

13          MR. TALKIN:  At this time, we believe so.

14          THE COURT:  Okay.

15          So I'm going to make as an additional condition that

16     she continue to or seek employment with the approval of

17     pretrial services.

18          And then I'm also going to add the usual condition of

19     not communicating with any codefendants, victims, or witnesses

20     unless in the presence of counsel.

21          Any objection to that?

22          MR. TALKIN:  None, your Honor.

23          THE COURT:  Okay.

24          Any clarifications, Mr. Talkin?

25          MR. TALKIN:  Yes, just one clarification.

M8PKHARP

1            THE COURT:  Sure.

2            MR. TALKIN:  Just going back to the beginning of the

3   allocution, you had asked her if she was under any treatment.

4   She is under the treatment of a therapist, but nothing that's

5   affecting her ability to understand what's going on today.

6            THE COURT:  Okay.

7            Do you mind if I just ask her that question?

8            MR. TALKIN:  Sure.

9            THE COURT:  Without telling me the conditions that

10  you're under treatment for, does that condition impact your

11  ability to see, hear, think, reason, understand, or make

12  decisions?

13           THE DEFENDANT:  Not today, no.

14           THE COURT:  Okay.

15           So far, do you feel like you have had a clear head

16  throughout today's proceeding?

17           THE DEFENDANT:  Yes, ma'am.  Yes, your Honor.

18           THE COURT:  And you've understood everything that I

19  and everyone else in the courtroom has said to you?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Okay.  Thank you for that clarification.

22           So I'm prepared to accept the recommendation of

23  counsel with the two additional clarifications.

24           So just so you understand, Ms. Harris, you will be

25  released --

M8PKHARP

1          You didn't say, Ms. Steiner, but on her own signature

2     today?

3          MS. STEINER:  Yes, your Honor.

4          THE COURT:  So once you sign a bond in the amount of

5     $50,000 today, you will be able to be released.  Your travel

6     will be restricted to the Continental United States.  You must

7     surrender any travel documents, and you may not make any new

8     applications.  You will be subject to drug testing and

9     treatment and mental health evaluation and treatment, as

10    directed by pretrial services.  You will be subject to pretrial

11    services' supervision, as directed.  I'll ask you to continue

12    or seek employment with the approval of pretrial services.

13    And, finally, you may not contact any codefendants, victims, or

14    witnesses in this case unless in the presence of counsel.

15          Do you understand?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Let me just warn you, Ms. Harris, if you

18    fail to appear in court as required, or if you violate any of

19    the conditions of your release, a warrant will be issued for

20    your arrest, you will be responsible for paying the full amount

21    of the bond — that is, $50,000 — and you may be charged with a

22    separate crime of bail-jumping, which can mean additional jail

23    time and/or a fine.

24          If you commit a new offense while you're released, in

25    addition to the sentence for that offense, you will be

M8PKHARP

1    sentenced to an additional term of imprisonment not more than

2    ten years if the offense is a felony or not more than one year

3    if the offense is a misdemeanor, and that term of imprisonment

4    is executed after any other sentence of imprisonment is

5    completed.

6              While you are awaiting sentencing, I must warn you not

7    to have any contact with or engage in any intimidation of

8    potential or designated witnesses, not to engage in any

9    intimidation of any court officer, and not to engage in any

10   conduct that would obstruct any investigation by law

11   enforcement.

12             Finally, if you don't agree with the conditions that I

13   have set, you have the right to appeal them.

14             Do you understand all those warnings I've just given

15   you, ma'am?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Has Chief Judge Swain set a sentencing

18   date?

19             MS. STEINER:  Yes, your Honor.  The sentencing date

20   has been scheduled for December 6th, at 3:00 p.m.

21             THE COURT:  Okay.

22             Anything further now, Ms. Steiner?

23             MS. STEINER:  No, your Honor.  Thank you.

24             THE COURT:  Mr. Talkin?

25             MR. TALKIN:  No.

M8PKHARP

1              THE COURT:  Thank you.

2              Ms. Harris, I wish you the best.

3              We're adjourned, everyone.

4                                    *  *  *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25