```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                                  22 Cr. 457 (LTS)

AIMEE HARRIS,
                                                Conference
                    Defendant.

------------------------------x

                                           New York, N.Y.
                                           August 8, 2023
                                           2:06 p.m.


Before:

            HON. LAURA TAYLOR SWAIN,

                                           Chief Judge


                        APPEARANCES

DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York
JACQUELINE C. KELLY
    Assistant United States Attorney

THE LAW OFFICE OF ANTHONY CECUTTI
    Attorneys for Defendant
BY: ANTHONY CECUTTI
    KESTINE THIELE



Also Present:
Laura Gialanella, Pretrial Services Officer
```

1                  (Case called)

2                  THE COURT:  Good afternoon.  Would
3      everyone other than counsel please be seated.
4                  Good afternoon, counsel, would you please
5      introduce yourselves starting with counsel for the
6      government.
7                  MS. KELLY:  Good afternoon, your Honor,
8      Jacqueline Kelly for the government, and with me at
9      counsel table is United States Pretrial Officer
10     Laura Gialanella.
11                 THE COURT:  Good afternoon, Ms. Kelly, and
12     good afternoon, Officer Gialanella.
13                 MR. CECUTTI:  Good afternoon, your Honor,
14     Anthony Cecutti and Kestine Thiele for Aimee Harris,
15     who is present by phone.
16                 THE COURT:  Good afternoon, Mr. Cecutti
17     and Ms. Thiele.  Ms. Harris, are you on the phone?
18                 THE DEFENDANT:  Yes.  Yes, your Honor.
19                 THE COURT:  Thank you.  And you requested
20     to participate by telephone today; is that correct?
21                 THE DEFENDANT:  Yes, your Honor.
22                 THE COURT:  Thank you.  Good afternoon to
23     you.
24                 THE DEFENDANT:  Good afternoon.
25                 THE COURT:  Please be seated, counsel.  So

1  we are here in connection with the request of the
2  pretrial services department for modification of
3  Ms. Harris' conditions of release, and that request
4  is set forth in the memorandum from pretrial
5  services which is dated July 21st, 2023.  I've also
6  reviewed two submissions from defense counsel, both
7  of which are dated July 26, 2023.
8             Are there any other written submissions
9  that the parties intend me to have considered in
10 connection with this proceeding?
11            MS. KELLY:  Not from the government, your
12 Honor.
13            MR. CECUTTI:  No, your Honor.
14            THE COURT:  Thank you.  I'll first ask
15 Officer Gialanella to give us a status update on
16 supervision.
17            MS. GIALANELLA:  Yes, Judge.  So since the
18 memo was submitted to your Honor on July 20th,
19 it's my understanding that the defendant will be
20 meeting with her probation officer in Florida
21 tomorrow to set up the substance abuse evaluation
22 and treatment.  Since the July 11th drug test,
23 which was positive for marijuana, all subsequent
24 tests have been negative for all drugs and alcohol.
25            THE COURT:  Thank you.  And are you aware

1   of the status of the DUI matter?
2              MS. GIALANELLA:  It's set for arraignment
3   still on August 10th, 2023, in Palm Beach.
4              THE COURT:  Thank you.  And are you
5   continuing the request for modification of the
6   conditions of supervision to include abstention from
7   alcohol and testing and treatment as deemed
8   necessary by pretrial services?
9              MS. GIALANELLA:  Yes, your Honor.
10             THE COURT:  Thank you.  Ms. Kelly, did you
11  wish to say anything before I call on Mr. Cecutti?
12             MS. KELLY:  Not with respect to the
13  modification request, your Honor.
14             THE COURT:  Thank you.  And that's what
15  we're taking up first.  We'll later talk about the
16  sentencing date.  Mr. Cecutti?
17             MR. CECUTTI:  The only issue that we have,
18  your Honor, is with respect to the condition that
19  Ms. Harris abstain from alcohol.  We don't think at
20  this time it would be an appropriate condition to
21  add to her bail conditions.  This is the first
22  incident that she's had related to alcohol while
23  she's been on supervision.
24             Secondly, she has taken it upon herself to
25  be evaluated for any kind of alcohol or substance

1  abuse problem.  As pretrial noted, she will be
2  participating in an intake or an evaluation to
3  determine if, in fact, she does need some type of
4  treatment.  Additionally, she informed Ms. Thiele
5  and I that as part of her DUI case, she is going to
6  be signing up for a DUI class that she will be
7  participating in in Florida as part of that case.
8              So I think that condition would be
9  premature at this time.  I think we need to see what
10 information is learned from the evaluation, and then
11 decide how to proceed with respect to that
12 condition.  But at this time, we would object to the
13 addition of the prohibition against alcohol use.
14             THE COURT:  Thank you.  Officer
15 Gialanella, since there is consent to evaluation and
16 treatment as deemed necessary as a result of the
17 evaluation, is there an independent reason for
18 asking me for a complete prohibition on alcohol?
19             MS. GIALANELLA:  Yes, your Honor.  It
20 would be --
21             THE COURT:  Would you stand and talk a
22 little louder, please.
23             MS. GIALANELLA:  Yes, sorry.
24             THE COURT:  Thank you.
25             MS. GIALANELLA:  Yes, your Honor.  It

would be difficult to have somebody be in alcohol treatment without having a way to monitor the alcohol use.  There wouldn't really be a way to know if she's using excessively or -- it's better to just abstain completely so we know that she's participating in treatment and following the sobriety that they would require in the treatment.

THE COURT:  In my general experience with substance abuse treatment programs, I'm not asked for a -- well, I guess there is a standard condition of supervision, which is no illegal use of drugs, and then the programs generally test.  So are you looking at the prohibition on alcohol as being an analogue to the mandatory condition of supervision of no illegal use of substances?  Because I've had people under conditions, either for probation or for pretrial, of being in an alcohol -- sometimes it's called an aftercare program or an alcohol treatment program.  I, frankly, don't remember having a separate prohibition on the use of alcohol.  I thought that was sort of subsumed in the terms of the program.

MS. GIALANELLA:  Typically, we reserve the condition of the no alcohol use if there's a reason such as a DUI arrest or an alcohol-related offense

1  that we see in their background or a violation that
2  occurs.  So it's a way to mitigate that, ideally,
3  from that happening again.
4         While they are in treatment, we can
5  monitor if the progress and the treatment is being
6  successful, but there's no way to know, you know, if
7  she's drinking excessively when she's not at
8  treatment, if she's following the directives.  It
9  kind of goes hand in hand with alcohol treatment to
10 completely abstain from alcohol use, just like any
11 other drug.  So if it was marijuana, heroin,
12 anything like that, they would expect full
13 abstaining from it whether it's legal or not.  So I
14 understand that alcohol is legal, but with the DUI
15 arrest, that kind of throws something new into the
16 situation where there might be an underlying problem
17 that needs to be addressed.
18         THE COURT:  Mr. Cecutti?
19         MR. CECUTTI:  Your Honor, and in opposite,
20 there may not be an alcohol problem.  I think that's
21 the purpose of the evaluation that Ms. Harris is
22 more than willing to participate in.  If she doesn't
23 have a problem, then obviously I don't think it
24 would be appropriate for the condition to be added.
25 If the provider believes that there is some kind of

issue or problem where treatment is necessary, I would expect that provider to instruct Ms. Harris that she should not be drinking alcohol while she's in treatment.

Which brings me to another point, which is, we have no idea at this point what treatment would even be recommended if, in fact, it is recommended by the provider. I've had experiences where a provider may recommend three sessions with an individual counselor. I've had other experiences where a client has participated in six months of outpatient treatment that consists of individual and group therapy. So there's a wide variety of treatment in terms of nature and length, and we're just not there yet. So, again, our position is: At this time, it would not be an appropriate condition to be added.

THE COURT: Thank you. Given that there is the one known incident and arrangements have been made for evaluation, testing and treatment as may be appropriate, I will not include the abstention provision. I'm also doing this mindful of the fact that we will soon be going to sentencing and evaluating what conditions will be appropriate with respect to any supervision. I am also taking into

1   account here the representation that in connection

2   with the DUI offense, Ms. Harris will be in some

3   sort of course or supervised program.  And so, it

4   appears to me that in the short term, there will be

5   sufficient attention to any problem that exists and

6   the potential for the abuse of alcohol.

7              It is certainly my hope that Ms. Harris

8   has taken notice of the situation that she's in and

9   how that came to be, and so my expectation is that

10  that will be a moderating factor on any potential

11  for abusive behavior as well.  The application for

12  change in conditions of supervision is granted to

13  the extent that I will add the condition of alcohol

14  testing and treatment.  And if you'll give me a

15  moment, I will write that up in an order.

16             What I've written is, "For the reasons

17  stated on the record at the August 8th, 2023,

18  conference, the defendant's conditions of

19  supervision are modified to add the condition that

20  defendant must undergo alcohol abuse evaluation and

21  treatment as recommended by the provider.  All other

22  conditions remain in place as previously

23  established."

24             Officer Gialanella, will that suffice in

25  terms of language?

1    MS. GIALANELLA:  Yes, your Honor.
2    THE COURT:  Mr. Cecutti, does the defense
3    have any objection to that language?
4    MR. CECUTTI:  No, your Honor, thank you.
5    THE COURT:  Very well.  That order will be
6    entered this afternoon.
7    So now let's turn to setting the
8    sentencing date.  The sentencing had been scheduled
9    for today.  At defense counsel's request, I've
10   adjourned the sentencing from today in anticipation
11   of setting a new, firm sentencing date today.  And
12   so, Mr. Cecutti, what sort of period are you looking
13   for in advance of the sentencing?
14   MR. CECUTTI:  Your Honor, we -- as we
15   indicated in our letter dated July 26th, we are
16   asking for an adjournment of approximately 45 days.
17   I think that would bring us to sometime in
18   mid-September.  And to be specific, your Honor,
19   specifically, it's actually a little bit longer when
20   you factor in a work-travel schedule that we have.
21   It would be -- we're requesting the week of
22   September 25th.
23   THE COURT:  In that week, I can give you
24   10:00 a.m. on Wednesday the 27th of September.
25   Would you be available then?

1  MR. CECUTTI:  We are, your Honor.  But I
2  just want to make sure that that would -- there are
3  no complications for Ms. Harris because she will
4  have to travel here.  Perhaps we can just text her?
5  She's on her phone, and we can text her to make sure
6  that that date and time works.
7  THE COURT:  That's fine.  Would you prefer
8  doing it by text than to my asking her?
9  MR. CECUTTI:  Sure.  Great idea, your
10 Honor.
11 Ms. Harris, does that work for you,
12 September 27th at 10:00 a.m.?
13 THE DEFENDANT:  Yes, your Honor, that
14 works for me.
15 THE COURT:  Very well, then.  Ms. Kelly,
16 does that work for the government?
17 MS. KELLY:  Yes, your Honor.
18 THE COURT:  Very well.  Sentencing is set
19 for September 27th, 2023, at 10:00 in the morning.
20 I'm going to print out the order concerning the
21 modification of supervision conditions so that we
22 can provide copies to the parties and to pretrial
23 services here in the courtroom.
24 Good, my printer is working.  Hold on a
25 moment.  Mr. Zargar, you'll make sure that the new

1  sentencing date is reflected in the docket memo?
2            THE LAW CLERK:  Yes.
3            THE COURT:  Is there anything else that we
4  should address together today?
5            MS. KELLY:  No, your Honor.
6            MR. CECUTTI:  No, your Honor.  Thank you.
7            THE COURT:  Thank you, all.  Stay safe and
8  keep well.  We're adjourned.
9            MS. KELLY:  Thank you, your Honor.
10           (Adjourned)