O25UHARC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                            22 Cr. 2024 (LTS)

AIMEE HARRIS,

                                    Conference
              Defendant.

------------------------------x

                                    New York, N.Y.
                                    February 5, 2024
                                    2:30 p.m.

Before:

                  HON. LAURA TAYLOR SWAIN,

                                    Chief U.S. District Judge

                      APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:   ROBERT B. SOBELMAN
    Assistant United States Attorney

ANTHONY CECUTTI
    Attorney for Defendant

KESTINE THIELE
    Attorney for Defendant

Also Present:

    FBI SPECIAL AGENT ANTHONY CASOLA

O25UHARC

1      (Case called)
2              THE COURT:  Again, good afternoon, Counsel.  Please
3      state your appearances.
4              MR. SOBELMAN:  Robert Sobelman, United States.
5              I'm joined at counsel table by Special Agent Anthony
6      Casola of the Federal Bureau of Investigation.
7              Good afternoon, your Honor.
8              THE COURT:  Good afternoon, Mr. Sobelman, and, Special
9      Agent Casola.
10             MR. CASOLA:  Good afternoon, your Honor.
11             MR. CECUTTI:  Good afternoon, your Honor.
12             Anthony Cecutti and Kestine Thiele for Aimee Harris,
13     who I believe is on video.
14             THE COURT:  Good afternoon, Mr. Cecutti, Ms. Thiele.
15             You can be seated.
16             Ms. Harris, are you with us?
17             THE DEFENDANT:  Yes, your Honor.
18             THE COURT:  I see you there on the screen.
19             Thank you, Ms. Harris, and good afternoon.
20             I have been given a consent to proceed by video
21     conference form that has been signed by one of your attorneys,
22     Ms. Thiele, on your behalf.  Did you authorize Ms. Thiele to
23     sign on your behalf?
24             THE DEFENDANT:  Yes, your Honor.
25             THE COURT:  And do you wish to proceed with today's

O25UHARC

1  session by video conference connection?

2            THE DEFENDANT:  Please, your Honor.

3            THE COURT:  And you're currently in Florida; is that

4  correct?

5            THE DEFENDANT:  That's correct.

6            THE COURT:  And you have provided, through your

7  counsel, a medical note indicating that you've been instructed

8  not to travel this week; is that correct?

9            THE DEFENDANT:  Yes, or work, yes, your Honor.

10           THE COURT:  And so I will just note for the record

11 that the form has ticked off the line for a misdemeanor plea,

12 trial, or sentence.  This is not a misdemeanor matter.  And we

13 are effectively here for a scheduling conference today.

14           And so do you consent to participating in this

15 scheduling conference by video conference, Ms. Harris?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Thank you very much.

18           I'll greet everyone else who is here in the courtroom.

19 Thank you all for coming to court today.

20           I remind everyone that there is to be no recording of

21 any kind or retransmission of this proceeding, if anyone has

22 any electronic devices on them.  Thank you for cooperating with

23 the court rules.

24           I'll ask Mr. Cecutti to begin with status and the

25 defense's position at this point.

O25UHARC

1            MR. CECUTTI:  Thank you, your Honor.

2            As the Court knows, on the last date, Ms. Harris

3   appeared by telephone from St. Mary's Emergency Room due to

4   sickness.  And from January 30th through the weekend, she has

5   been sick.  We provided medical records to that effect, both

6   from St. Mary's and from Urgent Care -- Helix Urgent Care

7   indicating that.  And as your Honor noted, there was a note

8   provided by medical staff indicating that Ms. Harris should not

9   travel for up to one week or until she feels better.

10           This Court issued an order instructing Ms. Harris to

11  appear today, to do whatever is necessary, and both Ms. Thiele

12  and I took that incredibly serious.  We worked closely with

13  Ms. Harris to try and have her appear today.

14           Your Honor knows that we filed a motion trying to seek

15  what we thought to be her passport.  That may have been in the

16  possession of New York Pretrial Services, when, in fact, it was

17  not.  And as your Honor knows, we did not represent Ms. Harris

18  at the time of her surrender.  But in an effort to try and get

19  identification needed for air travel, we worked diligently to

20  try and get that document, but unfortunately we did not.

21           We were also simultaneously trying to assist

22  Ms. Harris in getting her driver's license or an identification

23  card.  And unfortunately, in July of 2023, her license was

24  taken away from her due to a DUI arrest, a case that is still

25  pending in Florida.

|   |   |
|---|---|
| 1 | So then we turned to trying to assist her with getting |
| 2 | an identification card.  And the only way in which that could |
| 3 | be achieved ultimately was by way of an in-person appointment. |
| 4 | We are pleased to inform the Court that Ms. Harris today has a |
| 5 | scheduled DMV appointment.  And I have verification of that. |
| 6 | I'm happy to provide that to the Court and the government, if |
| 7 | needed, but she does have an appointment next week -- I'm |
| 8 | sorry -- later this week to apply for an identification card |
| 9 | that would be issued by the state of Florida.  This would then |
| 10 | allow her to travel by plane for sentencing. |
| 11 | THE COURT:  My chambers had called the Florida DMV |
| 12 | when we first heard about this problem to ask about a timetable |
| 13 | for actually producing the document, and the person from my |
| 14 | chambers who called was told that if the applicant goes there |
| 15 | in person, the card can be issued on the spot. |
| 16 | Is that your understanding as well? |
| 17 | MR. CECUTTI:  I don't know that.  It's possible, but |
| 18 | that's based upon my New York experience.  But we believe that |
| 19 | if that's the case, Ms. Harris will have an identification card |
| 20 | this week.  So that is a promising development that will allow |
| 21 | her to travel by air. |
| 22 | We have also worked closely with Ms. Harris in terms |
| 23 | of identifying her availability, and as much as we would like |
| 24 | to proceed with sentencing as soon as possible, as the Court |
| 25 | likely recalls, Ms. Thiele and I have a trial starting before |

1  Judge Donnelly in the Eastern District starting Monday which
2  will last about three to four weeks.  So we've been speaking
3  with Ms. Harris about her availability in March.  And she has
4  provided her availability, specifically the window of
5  March 12th through March 14th.
6      THE COURT:  Unfortunately, I have to stop you there.
7  I have to be presiding over a trial in Puerto Rico from
8  March 2nd to March 22nd.
9      MR. CECUTTI:  Okay.  We will not be done with our
10 trial before March 2nd.
11     THE COURT:  That's what I was afraid of.
12     MR. CECUTTI:  I think -- I'm just trying to do the
13 math and counting the number of days in February.  I just don't
14 think it's going to be possible.  I think it would have to be
15 after your Honor's trial in Puerto Rico based upon our
16 schedule.
17     THE COURT:  Do you have availability information for
18 Ms. Harris for the final week of March?
19     MR. CECUTTI:  What we do know is that spring break for
20 her children will last up until March 24th.  I think that's
21 correct.  If I'm incorrect, Ms. Harris will correct me.
22     THE COURT:  The last week of March begins on
23 March 25th.
24     MR. CECUTTI:  So I think a date after -- on or after
25 March 25th should work, but I want make sure from Ms. Harris

O25UHARC

1  that it does work.
2  THE COURT:  Ms. Harris, are you available the 25th,
3  26th, or 27th?
4  THE DEFENDANT:  I am not, your Honor.
5  THE COURT:  And are you in text communication with
6  Mr. Cecutti right now, or Ms. Thiele?
7  Yes.  Would you explain to your attorney why you are
8  not and then we can determine whether that's appropriate to put
9  on the record.
10  (Pause in proceedings)
11  MR. CECUTTI:  Your Honor, based upon communications
12  with Ms. Harris, she can be in New York the 26th through the
13  28th, but she needs to be back by 5 p.m. on the 28th.
14  THE COURT:  We can do that. Let's see.  Do you want
15  to be able to meet with her on the 26th?  Or could we do it
16  on the 26th in the morning or the afternoon?
17  MR. CECUTTI:  I think ideally it would be the 27th.
18  She would fly in on the 26th.  She would be sentenced on the
19  27th, and then potentially fly out the same day.
20  THE COURT:  I have the afternoon available on the
21  27th.  We can start at 2:30 in the afternoon.
22  MR. CECUTTI:  That works.
23  THE COURT:  Does 2:30 in the afternoon on the 27th
24  in the afternoon work for the government?
25  MR. SOBELMAN:  Yes, your Honor.

O25UHARC

THE COURT:  Very well then.  Sentencing is set for March 27th at 2:30 in the afternoon here in Courtroom 17C of 500 Pearl Street.

Mr. Cecutti, did you wish to say anything else before I call on Mr. Sobelman?

MR. CECUTTI:  No, your Honor.  Thank you.

THE COURT:  Thank you.

Mr. Sobelman, do you wish to be heard?

MR. SOBELMAN:  No, your Honor.

THE COURT:  Thank you.

I have, as I've said, set sentencing for March 27, 2024.

I wish Ms. Harris a speedy recovery and success with her travel documents.

I will also say that I do not expect to have to adjourn this sentencing again.

In the process of sentencing, the Court makes a holistic assessment of key factors.  One of those is respect for the law and the Court's experience of the person's conduct during the pendency of the case plays an important rule in that assessment.

And I will say, frankly, that Ms. Harris' failure apparently to make any preparation for the January 30th sentencing date, to be able to travel, what appears to have been a serious misrepresentation about whether the probation

|   |   |
|---|---|
| 1 | office had her passport at all and the representation that |
| 2 | our -- not probation, pretrial services, that New York Pretrial |
| 3 | Services had the passport, which turned out not to be true, the |
| 4 | failure to obtain a state ID in the lengthy period of time |
| 5 | between the time that the sentencing was set for the |
| 6 | January 30th date and the January 30th date, when |
| 7 | proceedings on the DUI were already in process and the regular |
| 8 | driver's license was unavailable, and the many last minute |
| 9 | adjourn requests and the other issues that have delayed |
| 10 | sentencing in this case over a very long period of time are |
| 11 | matters of great concern to the Court. |
| 12 |     I also noted in preparing yet again this weekend for |
| 13 | the sentencing that the presentencing report, what we call the |
| 14 | PSR, the presentencing investigation report notes in several |
| 15 | places that Ms. Harris had not provided authorizations to |
| 16 | pursue medical, employment, and I believe also schooling |
| 17 | information that the probation department had requested and |
| 18 | that defendants provide as a matter of course because it is |
| 19 | necessary to do a full investigation, as well as the financial |
| 20 | statement that was requested by probation had not been provided |
| 21 | as of the time that report was issued on November 18, 2022. |
| 22 | The probation department has confirmed to my chambers that that |
| 23 | information still has not been provided to the probation |
| 24 | office. |
| 25 |     And so I am directing you, Ms. Harris, and I'm sure |

1	that Mr. Cecutti and Ms. Thiele will be happy to assist you in
2	meeting this requirement, that the missing authorizations and
3	the financial information must be provided to the probation
4	office within the next two weeks.
5	          Do you understand that requirement, Ms. Harris?
6	          THE DEFENDANT:  Yes, your Honor.
7	          THE COURT:  Thank you.
8	          And so, Ms. Harris, you must be here in person for the
9	March 27, 2024 sentencing date.
10	          I do not want to have to consider issuing a warrant.
11	And I am going to not only hope but trust that won't even be an
12	issue, that we will be able to proceed appropriately and
13	holistically taking into account all of the facts and
14	circumstances and the information that I have about you and
15	your life and the crime as well as all of the other relevant
16	information in the presentence report and the information that
17	has been provided by way of defense submission as well because
18	it is important to the country and to upholding the rule of law
19	for us to proceed with the sentencing, and it is important in
20	sentencing you I sentence you as a person and I have a full and
21	accurate picture so that I can do that appropriately and
22	sensitively.  And I need your help for that.
23	          Counsel, is there anything further that we need to
24	take up together this afternoon?
25	          MR. CECUTTI:  Your Honor, just one thing I wanted to

O25UHARC

1   correct.

2           THE COURT:  Yes.

3           MR. CECUTTI:  Your Honor had pointed out that
4   Ms. Harris had made a serious misrepresentation that pretrial
5   had her passport.  Just in terms of why we sought an order for
6   the release of her passport and how that came about, there was
7   no representation made by Ms. Harris to us that she had a
8   passport at one point.  It was us trying to work quickly and
9   diligently, and based upon our experience thought that pretrial
10  may have it.  I then contacted Florida Pretrial who was in
11  touch with New York Pretrial.  And the information that was
12  given to me was suggested that it might be with New York
13  Pretrial.  That's why we acted in the way that we did.  It
14  wasn't based upon representations by Ms. Harris that she had a
15  passport and that New York Pretrial had it.

16          THE COURT:  That's an important piece of information.
17  I'm glad that you've given that to me.

18          MR. CECUTTI:  Yes.  And I will add that Ms. Harris
19  does have a lot on her plate.  She is -- she does have a shared
20  custody arrangement with her ex-husband.  She is working.  She
21  was sick.  I'm pleased that she is here and she has been
22  engaged with us and doing what she can to be ready for today's
23  appearance.  I know that she's grateful that your Honor did not
24  issue a warrant for her arrest.  And I'm confident that she'll
25  be here on March 27th to appear for her sentencing.

O25UHARC

1           THE COURT:  Thank you, Mr. Cecutti.
2           And, again, Ms. Harris, I wish you a speedy recovery.
3           THE DEFENDANT:  Thank you very much, your Honor.
4           THE COURT:  And so with that, we are adjourned to
5  March 27th at 2:30 in the afternoon.
6           Stay safe and keep well, everyone.
7           THE DEPUTY CLERK:  All rise.
8                                o0o