

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 25, 2024

**BY ECF**

The Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Aimee Harris*, 22 Cr. 457 (LTS)

Dear Chief Judge Swain:

    The Government respectfully submits this letter in connection with the sentencing proceeding scheduled for March 27, 2024, at 2:30 p.m., for defendant Aimee Harris, to provide the Court with additional information for the Court's consideration. As set forth below, the defendant's post-plea conduct in delaying sentencing and failing to provide pertinent materials to the Court and the Probation Office raise serious concerns about her acceptance of responsibility and amenability to court supervision. The Court should take those factors into account when assessing the defendant's personal history and characteristics, as well as her apparent lack of respect for the law, in connection with sentencing. *See* 18 U.S.C. § 3553(a).

    *First*, the Court should consider the defendant's recent failure to comply with this Court's order that the defendant provide certain information to the Probation Office that she had previously failed to provide in connection with the presentencing investigation report ("PSR"). On February 5, 2024, this Court noted that the PSR prepared for the defendant states "in several places that Ms. Harris had not provided authorizations to pursue medical, employment, and . . . also schooling information that the probation department had requested . . . as well as the financial statement that was requested by probation." (Tr. 9).[1] This Court then directed the defendant to provide the Probation Office with "the missing authorizations and financial information . . . within the next two weeks," that is, on or before February 19, 2024. (Tr. 9-10). Based on communications with the Probation Office, the Government understands that the defendant did not comply with this Court's directive. The defendant's conduct demonstrates a significant disrespect for this Court's order and should properly be taken into consideration by the Court at sentencing. *See* 18

---

[1] "Tr." refers to the transcript of the conference held on February 5, 2024; "Ex." refers to the exhibits to this letter. In light of the sensitive nature of the information contained in those exhibits, including the names and personal identifying information of minors, the Government will submit those exhibits by email to the Court and the defendant, and requests that those documents be filed under seal.

U.S.C. § 3553(a)(2)(A) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to promote respect for the law").

*Second*, this Court should consider the defendant's repeated failure to appear in person for scheduled court proceedings as part of the history and characteristics of the defendant. Indeed, the defendant's conduct before this Court appears to be consistent with her prior refusals to comply with court-ordered appearance dates in other legal proceedings. Further, the defendant has a history of adverse credibility findings in those prior proceedings. The Government recently received copies of certain court orders from counsel for the defendant's former spouse and father of the defendant's children, which suggest that the defendant's "many last minute adjourn requests and the other issues that have delayed sentencing in this case over a very long period of time," which this Court described as "matters of great concern to the Court," (Tr. 9), are only the most recent examples in a long history by the defendant of disrespecting the judicial system. Below are excerpts from some of the information received by the Government:

On October 16, 2020, the Honorable Scott Suskauer, Circuit Judge for Florida's Fifteenth Judicial Circuit, stated the following in a written order:

- "Once again [Harris] chose not to appear in court for a critical hearing." (Ex. 1 at 3).

- "[Harris] failed to appear for the return hearing scheduled on July 21, 2020 and again claimed that her failure to appear was due to Covid." (Ex. 1 at 3).

- "This Court additionally finds that [Harris] failed to appear for the final return hearing scheduled on July 28, 2020 despite Judge Keever-Agrama's verbal order to do so via Zoom if she was unable to do so in person." (Ex. 1 at 4).

- "[Harris's] behavior in requesting an injunction, failing to appear for three return hearings, [and] voluntarily dismissing the same" was "a gross abuse of Judicial process." (Ex. 1 at 4).

On December 29, 2020, Judge Suskauer granted a directed verdict against the defendant after finding that her "testimony lacked credibility." (Ex. 2 at 1).

On April 14, 2021, the Honorable Sarah Willis, Circuit Judge for Florida's Fifteenth Judicial Circuit, stated the following in a written order:

- "The Court finds a significant portion of [Harris's] testimony not credible. The Court has grave concerns regarding [Harris's] refusal to provide a residential address until being asked multiple times by this Court to do so. The Court is also concerned about the veracity of [Harris's] statements and representation[s] to this Court" about certain topics. (Ex. 3 at 6).

- "This Court has very little faith that [Harris] will honor the . . . parties' Final Judgment or any [of the other arrangements] that this Court is ordering." (Ex. 3 at 6).

- "This Court also finds that [Harris] continues to violate the lawful Orders and Final Judgment of this Court and that actions taken by this Court, to date, have not yet curtailed [Harris's] contumacious behavior."  (Ex. 3 at 7).

- "The Court admonishes [Harris] that . . . she is required to follow the Orders of this Court."  (Ex. 3 at 8).

- "[T]he Court admonishes [Harris] that she shall refrain from taking any actions which would interfere with . . . the Final Judgment in this matter."  (Ex. 3 at 8).[2]

Finally, on September 11, 2023, the Honorable Cheryl A. Caracuzzo, Circuit Judge for Florida's Fifteenth Judicial District, issued an order finding that the defendant "wrongfully and intentionally withheld the children from the Father without legal authority."  (Ex. 4 at 1).

The defendant's repeated refusal to abide by court orders and continuous disregard for the judicial process should properly be taken into account by this Court in assessing the defendant's history and characteristics.  *See* 18 U.S.C. §§ 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the history and characteristics of the defendant"), 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

\* \* \*

The Government requests that this Court consider the foregoing aspects of the defendant's history and characteristics, and her apparent lack of respect for the law, in imposing a just sentence.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Jacqueline C. Kelly
Robert B. Sobelman
Mitzi S. Steiner
Assistant United States Attorneys
(212) 637-2456/2616/2284

cc:   Kestine M. Thiele, Esq., and Anthony Cecutti, Esq. (by ECF)

---

[2] Judge Willis's order was previously provided by defense counsel to the Probation Office.  (*See* PSR ¶ 67).