

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 2, 2024

**BY ECF**

The Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Aimee Harris*, 22 Cr. 457 (LTS)

Dear Chief Judge Swain:

      The Government respectfully submits this supplementary letter in advance of the sentencing of defendant Aimee Harris, currently scheduled for April 9, 2024, at 11:00 a.m.—the *twelfth* sentencing date this Court has set for the defendant. For the reasons set forth below, the Government respectfully submits a revised recommendation for the sentence to be imposed in this case. Based upon all the information currently available to the Government, and in accordance with the sentencing factors set forth in 18 U.S.C. § 3553(a), the Government submits that the Court should impose a sentence within the applicable Guidelines range of 4 to 10 months' imprisonment, to be followed by three years of supervised release.

      **A.  Relevant Background**[1]

      On August 25, 2022, the defendant pled guilty before a Magistrate Judge to the above-referenced Information. (PSR ¶ 1). On August 29, 2022, this Court accepted the defendant's plea. (Dkt. 11). At the time of the plea, the defendant's sentencing was scheduled for December 6, 2022. (Dkt. 7).

      On November 16, 2022, the defendant received a traffic citation for running a red light, failing to register her vehicle, and for having no proof of car insurance. (Pretrial Services Violation Memorandum dated July 20, 2023, at 1).

      On November 18, 2022, the Probation Office filed the PSR, which noted in several places that the defendant failed to provide certain information or documents. (*E.g.*, PSR ¶¶ 89, 90, 92, 94).

---

[1] The Government hereby incorporates the Factual Background and Procedural History sections of its September 20, 2023 sentencing submission, and therefore does not repeat that information herein. (Dkt. 42 at 1-5).

On November 21, 2022, this Court granted the defendant's request for an adjournment of sentencing, to which the Government consented, from December 6, 2022, to January 13, 2023, based on the defendant's representation that she was "still in the process of gathering documents that will assist in the preparation of her sentencing memorandum." (Dkt. 22).

On January 3, 2023, this Court granted the defendant's second request for an adjournment of sentencing, to which the Government consented, from January 13, 2023, to February 23, 2023, based on the defendant's representation that she "has been delayed in gathering documents that will assist in the preparation of her sentencing memorandum." (Dkt. 25).

On February 9, 2023, this Court granted the defendant's third request for an adjournment of sentencing, from February 23, 2023, to April 18, 2023, based on the defendant's "sealed ex parte application." (Dkt. 27).[2]

On April 6, 2023, this Court granted the defendant's fourth request for an adjournment of sentencing, to which the Government consented, from April 18, 2023, to May 16, 2023, based on the defendant's representations that "all of the issues in defendant Aimee Harris' prior submission have been resolved," but that her counsel had "been unable to prepare Harris' sentencing submission." (Dkt. 32).

On March 28, 2023, the defendant's then-counsel requested "a conference be held in order to address and resolve existing representation issues." (Dkt. 33). On May 16, 2023, in lieu of sentencing, this Court relieved the defendant's then-counsel and appointed current counsel to represent the defendant. (Dkt. 37). This Court scheduled sentencing, for the sixth time, for August 4, 2023. (Dkt. 40 at 9).

On July 10, 2023, the defendant was arrested for driving under the influence, driving under the influence with property damage, and careless driving. (Pretrial Services Violation Memorandum dated July 20, 2023, at 1-2). On July 11, 2023, the defendant tested positive for marijuana. (*Id*. at 2).

On July 26, 2023, this Court adjourned the August 4, 2023 sentencing date pending further order of the Court and scheduled a conference for August 8, 2023, to review the defendant's release conditions. (Dkt. 42).

On August 8, 2023, this Court scheduled sentencing, for the seventh time, for September 27, 2023. (Dkt. 46).

On September 13, 2023, the defendant filed her sentencing submission under seal.

---

[2] In light of the defendant's history of providing false information in this case and in prior proceedings, the Government requests that the Court assess whether some portion the defendant's *ex parte* filings—not subject to a valid claim of privilege—may be provided to the Government in order for any assertions therein to assessed against the other information available to the Government.

On September 20, 2023, the Government filed its sentencing submission. (Dkt. 49).

On September 26, 2023, this Court granted the defendant's fifth request for an adjournment of sentencing, and scheduled sentencing, for the eighth time, for November 2, 2023, based on "the reasons proffered in the defense's ex parte, sealed submission." (Dkt. 50).

On November 1, 2023, this Court granted the defendant's sixth request for an adjournment of sentencing, and directed the parties to meet and confer, and consult with the Court, to reschedule the sentencing for a date to be determined, "on or before December 15, 2023." (Dkt. 56). This Court cautioned "counsel and the client to comply with the Court's individual rules in the future" and stated: "The selected date will not be adjourned further." (*Id.*)

On November 21, 2023, this Court acknowledged receipt of the defendant's seventh request for an adjournment, as well as her request for another substitution of counsel. (Dkt. 58). The Court directed that the conference and sentencing would be scheduled on consecutive days to be determined, the latter of which must be on or before December 15, 2023. (*Id.*)

On December 5, 2023, this Court scheduled a substitution of counsel hearing for December 8, 2023, and held in abeyance the defendant's seventh request for an adjournment of sentencing. (Dkt. 60).

On December 8, 2023, this Court appointed Natali Todd, Esq., as additional counsel "solely for the purpose of consultation with Ms. Harris in advance of her upcoming sentencing." (Dkt. 61). This Court scheduled sentencing, for the ninth time, for January 30, 2024.

On January 23, 2024, Ms. Todd informed the Court that the defendant had refused to speak with her since her appointment. (Dkt. 66). This Court then issued an order making clear that the defendant was required to appear in person for sentencing on January 30, 2024. (Dkt. 67).

On January 29, 2024, the day before sentencing, the defendant filed an eighth request for an adjournment, asserting that she "is sick, has no childcare and cannot appear tomorrow." (Dkt. 68).[3] On January 30, 2024, this Court granted the defendant's request and stated that the sentencing would be scheduled for a date to be determined but no later than February 9, 2024. (Dkt. 74). The Court also ordered the defendant to provide certain medical records in connection with her purported recent illness to the Government and the Court no later than 5:00 p.m. on January 31, 2024. (*Id.*)

The defendant failed to timely provide a complete version of the medical records the Court directed her to produce, initially providing only a subset of the records. (Dkt. 75). On February 1, 2024, this Court issued an order directing the defendant to "immediately" provide the complete records. (Dkt. 77). On February 3, 2024, the defendant belatedly produced the documents.

---

[3] The Government has recently learned that the claim that the defendant had "no childcare" was false. Counsel for the defendant's ex-husband and the father of her children confirmed that the father—with whom the defendant shares custody of her children—was available on January 29 and 30 to care for the children.

On February 1, 2024, the defendant moved for the release of her passport by the Pretrial Services Office, because the defendant "has no alternative identification to travel to New York." (Dkt. 76). Although the defendant was incorrect that her passport was being held by the Pretrial Services Office (and she has no valid passport), her request—which reported that the defendant had no government-issued identification card—made clear that the defendant possessed no identification documents to travel and never intended to travel to this District for sentencing at any of the prior dates that were scheduled by this Court, including the most recent date of January 30, 2024. (Dkt. 78). On that same date, this Court scheduled sentencing, for the tenth time, for February 5, 2024, and stated unequivocally: "Ms. Harris must appear in person. Ms. Harris is directed to do whatever is necessary, including obtaining a valid state identification card for travel by plane, or making alternative travel arrangements, to facilitate her in-person appearance at the sentencing. Ms. Harris is reminded that appearance in court as required is one of the conditions of her pretrial release and bond." (Dkt. 79).

On February 3, 2024, the defendant filed a ninth request for an adjournment of sentencing because, she claimed, "she ha[d] been advised not to travel by air or any other means due to illness," and she had failed to obtain an identification card. (Dkt. 80). On February 5, 2024, this Court granted the adjournment request and scheduled sentencing, for the eleventh time, for March 27, 2024. The Court also ordered the defendant to provide the Probation Office with "missing authorizations and financial information . . . within the next two weeks," that is, on or before February 19, 2024. (Feb. 5, 2024 Tr. 9-10). The defendant failed to do so.

On March 25, 2024, the Government filed a letter alerting the Court to the defendant's failure to comply with the Court's order to provide the requested information to the Probation Office. That letter also described the defendant's history of refusing to comply with court-ordered appearance dates in other legal proceedings and of adverse credibility findings in those prior proceedings. (Dkt. 89).[4]

On March 26, 2024, the defendant's counsel filed a letter explaining that, as of the filing of the letter, the defendant "has yet to confirm that she will be in New York for her sentencing tomorrow"; that the defendant's "lack of communication has not permitted [counsel] to coordinate her travel and work with her to prepare for sentencing; and that, "[d]espite [counsel's] consistent and ongoing efforts, [the defendant] has not" complied with the Court's order directing her to provide the Probation Office with authorization forms and financial information. (Dkt. 90). That same day, this Court issued an order stating: "Counsel and Ms. Harris are directed to appear tomorrow at the scheduled sentencing proceeding in Courtroom 17C." (Dkt. 91).

On March 27, 2024, the day of the defendant's eleventh sentencing date, the defendant submitted a tenth request for an adjournment "because of childcare and other related issues." (Dkt. 92). As the Government explained in a letter filed shortly thereafter, the purported basis for the adjournment request—childcare issues—was false. (Dkt. 94). Later that day, this Court granted the defendant's adjournment request and scheduled the sentencing, for a twelfth time, for April 9, 2024. (*See* Dkt. 98).

---

[4] The Government hereby incorporates the March 25, 2024 letter herein.

B.  **Discussion**[5]

In light of the defendant's conduct in this case since the Government filed its initial sentencing submission in September 2023 (as described above), and the recent revelations regarding her conduct in other prior proceedings over the past four years (as described in Dkt. 89), the Government's assessment of the pertinent § 3553(a) factors in this case has changed.  Taking into account all of the factors set forth in § 3553(a), including the defendant's background and characteristics, the nature and circumstances of the offense, the importance of general and specific deterrence, and the need to promote respect for the law, a sentence within the applicable Guidelines range of 4 to 10 months' imprisonment would be sufficient but not greater than necessary to accomplish the purposes of sentencing, including but not limited to promoting respect for the law and specific and general deterrence.

The defendant, as noted in the Government's September 2023 sentencing submission, is being sentenced for "scandalous conduct [that] is appalling and must not be overlooked" (PSR at 24) and which, in and of itself, exhibited a clear disrespect for the law.  In addition, the defendant's sentence must also account for the manner in which she has abused the administration of justice throughout the pendency of this court proceeding.  The defendant has repeatedly and consistently engaged in tactics to improperly delay this proceeding, including by misleading the Court with false information to justify belated and unmerited requests for adjournments, refusing to appear when directed, and failing to comply with court orders to disclose or produce certain information.  Through this pattern of behavior, the defendant has shown a complete disregard for the Court's orders and for the orderly administration of this judicial proceeding.

Of particular salience is the defendant's lack of any effort to obtain an identification card, even though her sentencing had been calendared numerous times as an in-person proceeding in the Southern District of New York.  The defendant knew full well that she could not travel without appropriate identification.  Thus, her failure to obtain such documentation evidenced a willful intent not to appear, and to manufacture a new excuse on the eve of each sentencing date.  This conduct is troubling, but unsurprising, given that it is entirely consistent with her history of disrespecting the judicial system, including the family court system in her home state of Florida.  Indeed, the excuses that the defendant has proffered to this Court have echoed similar excuses that the defendant has made in those family court proceedings including, *inter alia*, feigning illness and childcare issues.  And while the Government did not dispute in its earlier submission that "there are significant mitigating factors to consider, including the defendant's ability to remain present in her children's lives," that consideration is considerably lessened due to the defendant's repeated misrepresentations about her childcare responsibilities, as well as court orders finding that the defendant has wrongfully and intentionally withheld her children without legal authority.[6]

---

[5] The Government hereby incorporates the Applicable Law and Discussion sections of its September 20, 2023 sentencing submission, except with respect to the specific sentencing recommendation, and therefore does not repeat that information herein.  (Dkt. 42 at 6-7).

[6] The defendant's failure to follow court orders in that proceeding appears to be ongoing.  Earlier today, counsel for the father of the defendant's children informed the Government that the defendant has now kept her children out of school for ten consecutive days without cause.

5

At bottom, the defendant's flagrant disrespect for the law, including the orders of this Court —even after pleading guilty in this case—demonstrates an abdication of responsibility for her conduct and strongly militates for an incarceratory sentence. In particular, the defendant has shown to be completely unamenable to court supervision such that a sentence involving merely probation will not be sufficient to deter the defendant from continuing to flout the law. Moreover, a sentence involving no period of incarceration would be wholly insufficient to reflect the gravity of the defendant's conduct, including her apparent belief that she is above the law and that she need not comply with this Court's orders. A Guidelines sentence involving a period of incarceration, by contrast, would send the message that breaking the law and then failing to abide with the orders of the Court during the pendency of a criminal case will not be tolerated and will have serious consequences. For all these reasons, the Court should impose a sentence within the applicable Guidelines range.

### C.  Conclusion

For the reasons set forth above, the Court should impose a sentence of 4 to 10 months' imprisonment, to be followed by three years of supervised release.[7]

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney
>
> By: /s/
> Jacqueline C. Kelly
> Robert B. Sobelman
> Mitzi S. Steiner
> Assistant United States Attorneys
> (212) 637-2456/2616/2284

cc:     Kestine M. Thiele, Esq., and Anthony Cecutti, Esq. (by ECF)

---

[7] In the event the defendant again fails to appear for sentencing on April 9, 2024, the Government may again revisit its sentencing recommendation and assess whether the Court should apply an enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1, Application Note 4(E) ("willfully failing to appear, as ordered, for a judicial proceeding").