

The New York Times Company

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

April 8, 2024

**VIA EMAIL**

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
SwainNYSDCorresp@nysd.uscourts.gov

Re:   *United States v. Harris*, No. 22-cr-457 (LTS) — Unsealing of Judicial Records

Dear Chief Judge Swain:

I write on behalf of The New York Times Company ("The Times") to request the unsealing of Defendant Aimee Harris's September 13, 2023, sentencing submission in the above-referenced case. The Times asks that this submission—and any other sealed sentencing submission by Ms. Harris—be unsealed as soon as practicable pursuant to the public's right of access to judicial records, grounded in both the federal common law and the First Amendment.[1]

In August 2022, Ms. Harris and her co-defendant Robert Kurlander were charged with and pled guilty to conspiracy to commit interstate transportation of stolen property, relating to the theft, transport, and sale of a journal belonging to President Joe Biden's daughter, Ashley

---

[1] The right of access is an affirmative public right, and the standing of the press to enforce it is well settled. *See, e.g., Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

1

Biden.[2] Dkts. 2, 7. After many delays, Ms. Harris's sentencing is now scheduled for tomorrow, April 9, 2024. Dkt. 98.

In both of its sentencing submissions, the Government referenced a sealed sentencing submission entered by Ms. Harris on September 13, 2023, in which she requested a sentence of probation. Dkts. 49 at 5; 99 at 2. The Times now seeks unsealing of that submission.

As required by the Court, The Times sought the consent of the parties: Ms. Harris's counsel opposes unsealing. The Government does not presently take a position with respect to the unsealing of either of the Defendant's sentencing submissions.

\*\*\*

The right to judicial records is enshrined in both the common law, *see Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-98 (1978), and the First Amendment, *see, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (First Amendment right to judicial proceedings); *In re N.Y. Times*, 828 F.2d 110, 114 (2d Cir. 1987) (First Amendment right to judicial documents).

Under the common law, any "judicial document" is subject to a presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts determine the strength of the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (cleaned up). As a result, under *Lugosch*, judicial documents must be released unless countervailing interests require withholding. *See* 435 F.3d at 119.

---

[2] Press Release, U.S. Attorney's Office, Southern District of New York, Florida Residents Plead Guilty to Conspiracy to Commit Interstate Transportation of Stolen Property (Aug. 25, 2022), https://www.justice.gov/usao-sdny/pr/florida-residents-plead-guilty-conspiracy-commit-interstate-transportation-stolen.

2

An additional First Amendment presumption of access attaches to many judicial documents, including sentencing materials, under the "experience and logic" test derived from *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986). Under that test, when documents have historically been available and their public disclosure is important to the proper functioning of judicial proceedings, they are subject to a constitutional presumption of access. *Id.* That constitutional presumption may be overcome only by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest"—a higher standard than under the common law. *Id.*; *see also Lugosch*, 435 F.3d at 124 (evaluating sealing under the "more stringent First Amendment framework").

This right of access—both under the common law and the First Amendment—requires unsealing of Ms. Harris's sentencing submission.

The Second Circuit has squarely held that the First Amendment right of access applies to sentencing proceedings and related documents, such as Ms. Harris's submission. *United States. v. Alcantara*, 396 F.3d 189, 196-98 (2d Cir. 2005); *United States v. Rechnitz*, No. 16-cr-389, 2021 U.S. Dist. LEXIS 6757, at *2 (S.D.N.Y. Jan. 13, 2021) ("This right of access extends also to materials submitted to the court in connection with sentencing."). Access to sentencing submissions plays a key role in public confidence in the judiciary, by "enabl[ing] the public to learn why [the] defendant received a particular sentence." *United States v. LeRoux*, No. 12-cr-489, 2020 U.S. Dist. LEXIS 100016 (S.D.N.Y. June 8, 2020). The need for public monitoring of the courts is at its height when the Government is using its powers to take an individual's liberty, and the public has a compelling interest in making certain, through transparent processes, that defendants are not being singled out for unduly harsh or lenient penalties.

The common law, too, typically presumes access to documents related to sentencing proceedings. *United States v. King*, No. 10-cr-122, 2012 U.S. Dist. LEXIS 83634 (S.D.N.Y. June 15, 2012). Again, the

3

presumption of access is at its apex in the context of sentencing: there is arguably no more weighty exercise of Article III judicial power than the decision to deprive a criminal defendant of their liberty.

The party advocating for sealing bears the burden of justifying as such. Specifically, under the more rigorous First Amendment standard, the proponent of sealing must establish that such withholding "is necessary to preserve higher values and . . . the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Because no such showing has been made here, unsealing of Ms. Harris's sentencing submission is required.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw

CC: All counsel of record

4