LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

April 15, 2024

**BY ECF & E-Mail**
Chief Judge Laura Taylor Swain
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Aimee Harris**; 22 Cr. 457 (LTS)

Dear Chief Judge Swain:

     Pursuant to the Court's request at Ms. Aimee Harris's sentencing on April 9, 2024, we respectfully write to update the Court on Ms. Harris's position with regard to the continued sealing of the following documents filed in preparation for sentencing: 1) Defense Sentencing Memorandum, filed September 13, 2023 and 2) Government Sentencing Letter re: Additional Information, filed March 25, 2024 (ECF No. 89).

     1. **Unsealing of Defense Sentencing Memorandum, Filed September 13, 2023**

     Ms. Harris has no objection to the unsealing of the sentencing memorandum filed on September 13, 2023, as the contents of such submission have become public since her sentencing proceeding on April 9, 2024. We do however request that the attached letter marked, Exhibit "A," remain under seal as it relates to Ms. Harris's private medical history. An individual generally "maintains significant privacy rights to her medical information," and courts "regularly seal" such information. *Valentini v. Grp. Health Inc.*, 2020 U.S. Dist. LEXIS 241859, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Although there is a presumption of the right to public access of this document, her privacy interest in her medical information provides a compelling countervailing interest in favor of sealing. *Id.* This letter, written by a medical professional, who identifies herself, her practice and Ms. Harris's diagnoses, provided the Court with relevant mitigation—the general themes of which were addressed by the sentencing memorandum. As such, the public's interest in the information contained in Exhibit A is not especially strong.

### 2. The Exhibits to Government Sentencing Letter, Filed March 25, 2024, Should Remain Under Seal

The exhibits to Government Sentencing Letter, ECF No. 89, should remain under seal. The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). To overcome the presumption of public access over a judicial document, the court must make a "specific, on the record finding[]" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Id.* at 120 (citation omitted). "Higher values" the preservation of which might warrant sealing include personal privacy interests and public safety. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation omitted).

The Government's letter at ECF No. 89 is accessible to the public. At present, only attached Exhibits 1 through 4, which contain family court documents, are under seal. We respectfully request that such documents remain under seal because they are of an exceptionally sensitive nature. They include personal and confidential information regarding Ms. Harris and non-parties. Sealing of these exhibits is narrowly tailored because the content relevant to the Government's sentencing arguments is included in the body of its letter. In fact, it quotes directly from the documents, and we do not object to those quotes being in the public record. However, the privacy interests of innocent third parties weigh heavily against unsealing the underlying family court documents, which contain the personal identifying information of her minor children and ex-partner. According to the Palm Beach County Clerk's Office, family court documents are only made available to authorized users and the parties. These documents were not otherwise be public. Additionally, because this case is highly publicized, there is special need to seal sensitive information, to keep Ms. Harris and her children safe. *See Stern v. Cosby*, 529 F. Supp. 2d 417, 422-23 (S.D.N.Y.).

For the aforementioned reasons, we respectfully request that Exhibits 1 through 4 of Government's Sentencing Letter remain under seal.

Thank you for your consideration.

Respectfully submitted,

/s/

Anthony Cecutti

Kestine Thiele

After careful review of the foregoing requests, and for the reasons stated above, the Court grants the application to (1) unseal the September 13, 2023, defense sentencing letter submission, (2) maintain Exhibit A to that letter under seal, and (3) maintain Exhibits 1 through 4 to the Government's March 25, 2024, letter submission under seal. The Court reminds defense counsel that, as stated on the record at the April 9, 2024, sentencing, defense counsel must also submit a justification for continued sealing, or, alternatively, redaction of its April 5, 2024, supplemental sentencing letter submission, subject to the standard set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).  Defense counsel is directed to file this latter application as to continued sealing or redaction of the April 5, 2024, supplemental sentencing letter submission by noon tomorrow, April 17, 2024.
SO ORDERED.
April 16, 2024
/s/ Laura Taylor Swain, Chief USDJ