LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

April 17, 2024

**BY ECF**
Chief Judge Laura Taylor Swain
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Aimee Harris; 22 Cr. 457 (LTS)**

Dear Chief Judge Swain:

We respectfully write regarding the continued sealing of the defense supplemental sentencing memorandum, dated April 5, 2024. Although there is a presumption of the right to public access of this document under the common law and the First Amendment, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), Ms. Harris' privacy interest and the privacy interests of non-parties, provide a compelling countervailing interest in favor of sealing.

To overcome the presumption of public access over a judicial document, the court must make a "specific, on the record finding[]" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Id.* at 120 (citation omitted). "Higher values" the preservation of which might warrant sealing include personal privacy interests and public safety. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (citation omitted).

We respectfully request that the defense supplemental sentencing memorandum remain under seal because it contains information that directly implicates the privacy interests of Ms. Harris and of non-parties. It includes personal and confidential information regarding Ms. Harris and non-parties, including personal identifying information of Ms. Harris' minor children and ex-partner. Specifically, it contains information concerning Ms. Harris' private medical history (and that of a non-party), such as diagnoses and symptomatology, and facts and allegations bearing on ongoing child custody litigation in family court in Florida. Sealing of this document in its entirety is narrowly tailored as the personal and confidential information implicating privacy interests is referenced throughout

making redactions futile.

As the Court is aware, this case is highly publicized. Accordingly, there is special need to seal sensitive information that implicates privacy interests, to keep Ms. Harris and her children safe and shield them (and non-parties) from further "annoyance" and "embarrassment." *See Stern v. Cosby*, 529 F. Supp. 2d 417, 422-23 (S.D.N.Y.).

For the aforementioned reasons, we respectfully request that the defense supplemental sentencing memorandum dated April 5, 2024 remain under seal.

Thank you for your continued consideration.

Respectfully submitted,

/s/

Anthony Cecutti
Kestine Thiele