

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

April 24, 2024

**MEMO ENDORSED**

<u>VIA EMAIL</u>

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
SwainNYSDCorresp@nysd.uscourts.gov

Re:  *United States v. Harris*, No. 22-cr-457 (LTS) — Unsealing of Victim Statement

Dear Chief Judge Swain:

I write on behalf of The New York Times Company ("The Times") to request the unsealing of Ashley Biden's victim statement (the "Statement") in the above-referenced case. As The Times understands it, Ms. Biden submitted this Statement to the Court on April 8 and the Government quoted it during Defendant Aimee Harris's April 9 sentencing hearing. The Times asks that this Statement be unsealed pursuant to the public's common law and First Amendment rights of access to judicial records.

As required by the Court, The Times sought the position of the parties and Ms. Biden on unsealing the document. The Government and Ms. Biden do not object. Defendant Ms. Harris takes no position.

As reflected in The Times's April 8 unsealing request, judicial documents are subject to the common law presumption of access and must be released unless countervailing interests require otherwise.

The foregoing request to unseal Ms. Biden's victim impact statement, to which Ms. Biden does not object, is granted.
SO ORDERED.
April 24, 2024
/s/ Laura Taylor Swain, Chief USDJ

1

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). They are also subject to the First Amendment right of access when they have historically been available and their disclosure supports the proper functioning of judicial proceedings. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986).

Both the common law and First Amendment support the unsealing of Ms. Biden's Statement, given precedent in this Circuit that recognizes the right of access to sentencing materials. *See United States v. Alcantara*, 396 F.3d 189, 196-98 (2d Cir. 2005) (First Amendment); *United States v. King*, No. 10-cr-122, 2012 U.S. Dist. LEXIS 83634 (S.D.N.Y. June 15, 2012) (common law). And these presumptions of access apply regardless of how a judicial document is submitted. *See United States v. Gotti*, 322 F. Supp. 2d 230, 250 (E.D.N.Y. 2004) (common law right attaches to letter regarding sentencing sent directly to the judge).

More specifically, the right of access specifically extends to victim impact statements like that at issue here. *See United States v. Madoff*, 626 F. Supp. 2d 420, 425-27 (S.D.N.Y. 2009) (emails from victims describing impact of defendant's crimes are judicial documents subject to common law and First Amendment rights of access). In the sentencing context — where the Court undertakes weighty decisionmaking on criminal defendants' liberty rights — the need for public monitoring, and thus public access, is significant. That is all the more true here, where the Defendant "sought to affect the political process through the commission of a crime." Dkt. 49. Given the political nature of the crime, the public interest in a transparent proceeding is particularly salient.

The Times is cognizant of Ms. Biden's privacy interests in the Statement, especially because she was unwillingly thrust into this spotlight. Still, under the First Amendment, sealing must be not only "necessary to preserve higher values" but also "narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. To meet this tailoring requirement, targeted redaction, rather than wholesale closure, is the appropriate remedy. *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995).

We thank the Court for its continued consideration.

Respectfully submitted,

*David McCraw*

David E. McCraw

CC: All counsel of record