**MANDATE**

24-1099-cr
*United States v. Harris*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
        PIERRE N. LEVAL,
        JOSEPH F. BIANCO,
        WILLIAM J. NARDINI,
            *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 30, 2025

---

UNITED STATES OF AMERICA,

        *Appellee*,

v.                                                  24-1099-cr

AIMEE HARRIS,

        *Defendant-Appellant*,

ROBERT KURLANDER,

        *Defendant*.

---

FOR APPELLEE:        ROBERT B. SOBELMAN, Assistant United States Attorney (Jacqueline C. Kelly, Mitzi S. Steiner, and Jacob R. Fiddelman, Assistant United States Attorneys, *on the brief*), *for* Edward Y. Kim,

MANDATE ISSUED ON 05/30/2025

|  |  |
|---|---|
|  | Acting United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | JANEANNE MURRAY, Murray Law LLC, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on April 18, 2024, is **AFFIRMED**.

Defendant-Appellant Aimee Harris appeals from the district court's judgment of conviction following her guilty plea to one count of conspiracy to commit interstate transportation of stolen property, in violation of 18 U.S.C. § 371. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The conviction arose from Harris's theft of personal property from an individual (the "Victim"), including the Victim's personal journal; the transportation of that property across state lines; and the agreement to sell the property. At the time of the offense, Harris knew the Victim was an immediate family member of a then-former government official who was a candidate for national public office. In her written sentencing submission, Harris sought a non-custodial sentence based, in substantial part, on her long-term struggles with her mental health.[1] At sentencing, defense counsel similarly emphasized that "Harris carries a great deal of pain and trauma, and in the course of [the] representation, [defense counsel had] seen her struggle." App'x at 146. Counsel further noted that Harris had "participated for the duration of her supervision in

---

[1] In addition, with respect to substance abuse issues, Harris was arrested in July 2023 and charged with, among other things, driving under the influence causing property damage, and she tested positive for marijuana.

mental health treatment and is committed to doing so as part of continued supervision." *Id*. at 147–48.

The district court sentenced Harris principally to one month of imprisonment, to be followed by three years of supervised release. In imposing the sentence, which was below the advisory range of 4 to 10 months' imprisonment under the United States Sentencing Guidelines, the district court noted that it had "chosen to impose less than the recommended prison time in order to enable Ms. Harris to continue to seek to provide care and support for her children and to enable her to continue in community-based therapy." *Id*. at 172. The district court also imposed special conditions of supervised release, including requiring Harris to participate in outpatient substance abuse treatment and mental health programs approved by the United States Probation Office. As part of those conditions, the district court authorized the release of "available drug treatment evaluations and reports . . . as directed by the Probation Officer" to the substance abuse treatment provider, "available psychological and psychiatric evaluations and reports" to the health care provider, and Harris's Presentence Investigation Report ("PSR") to both providers. App'x at 189.

On appeal, although Harris does not challenge the imposition of the substance abuse and mental health treatment as special conditions of her supervision, Harris argues that the district court erred by authorizing the disclosure of her PSR and medical information to the treatment providers without her consent and improperly delegating the decisionmaking with respect to that disclosure to her probation officer.

We review a district court's decision to impose special conditions of supervised release for abuse of discretion. *See United States v. Kunz*, 68 F.4th 748, 758 (2d Cir. 2023). However, because Harris failed to object to the challenged conditions below, we review the district court's decision

3

for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008). For there to be plain error, a defendant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[2] *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020).

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions if they are "reasonably related" to: "(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b)(1); *accord* 18 U.S.C. §§ 3553(a), 3583(d)(1). "[A] condition may be imposed if it is reasonably related to any one or more of the specified factors." *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995). Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record." *Id*. (internal quotation marks and citation omitted).

---

[2] Although Harris does not dispute that she failed to raise the objections at sentencing, she contends that we should apply a relaxed plain error standard of review, *see United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002), which would require her to demonstrate only "that there is an error, and that the error is clear and obvious," *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020). We need not decide this issue because, even if we were to apply the more relaxed standard in this context, our decision to affirm the district court's judgment would remain unchanged for the reasons set forth *infra*.

4

Harris asserts that the district court erred because it "provided no reason" for authorizing her probation officer to disclose her PSR and prior medical and psychological reports to healthcare professionals providing her with substance abuse and mental health treatment as part of her supervision. Appellant's Br. at 30. The government counters that, although the district court did not specify its reasoning with respect to this authorization, "[t]he reasons for such disclosure are obvious" because: (1) "it would make little sense to require a supervisee to attend drug treatment at the direction of the Probation Office but to simultaneously forbid the Probation Office from sharing with the treatment provider what it knew about the supervisee's past drug use"; and (2) "a mental health treatment requirement would be of little practical use in rehabilitating a criminal defendant if the therapist was prohibited from learning about her patient, including details about the patient's criminal conduct and personal history contained in the presentence report."[3] Appellee's Br. at 18–19.

We conclude that it is "self-evident" from the record, *Betts*, 886 F.3d at 202, that the authorization of these disclosures by the probation officer is reasonably related to providing Harris with the "needed . . . medical care [and] other correctional treatment in the most effective manner" and thereby ensuring public safety by minimizing the risk that Harris will return to criminal activity, U.S.S.G. § 5D1.3(b)(1), and, therefore, the district court did not commit error, plain or otherwise, by granting such authorization. Indeed, in *United States v. Dupes*, 513 F.3d 338 (2d Cir. 2008), we held a waiver of therapeutic confidentiality allowing a probation officer access to a defendant's mental health treatment records was not an abuse of discretion because it "well may advance [a defendant's] treatment" and "could reasonably further public safety." *Id*. at 344–45.

---

[3] In support of its position, the government cites numerous district court cases in which the sentencing judge similarly authorized such a disclosure when requiring the defendant to participate in mental health, substance abuse, and/or sex offender treatment. *See* Appellee's Br. at 19–20 (collecting cases).

5

Our rationale in *Dupes* applies with equal force to authorizing the probation officer to provide such records and the PSR to treatment providers, who are treating a defendant pursuant to the special conditions of her supervised release, in order to facilitate effective treatment.

Moreover, to the extent Harris argues that the disclosure of these records could undermine the physician-patient privilege or her privacy interests, we disagree. As an initial matter, Harris "has a diminished expectation of privacy during [her] period of supervision because [she] is a convicted person serving a court-imposed term of federal supervised release." *United States v. Oliveras*, 96 F.4th 298, 309 (2d Cir. 2024) (internal quotation marks and citation omitted). In addition, the probation officer's authorization to disclose these records is limited to Harris's treatment providers, and Harris does not suggest that such providers will not be bound by the same confidentiality obligations as her previous treatment providers.[4] *See also United States v. Dill*, 822 F. App'x 19, 22 (2d Cir. 2020) (summary order) (rejecting defendant's argument that "permitting the probation officer to access his treatment records violates his privacy interests in his treatment and treatment records" (internal quotation marks and citation omitted)). In short, on this record, we discern no error, plain or otherwise, in the district court's authorization of this record-sharing with Harris's treatment providers.

We are similarly unpersuaded by Harris's contention that the district court improperly delegated its authority to the probation officer to determine which treatment evaluations and records should be shared with her future treatment providers. Because the power to impose special

---

[4] Harris also suggests that the PSR may contain inaccuracies and is "potentially counter-productive" to her treatment. Appellant's Br. at 30–31. However, at sentencing, Harris raised no objections to the information in the PSR, nor does she identify any inaccuracies on appeal, and we have no reason to believe that her treatment professionals will be unable to properly consider that information in the context of her entire personal history in providing effective treatment. We therefore conclude that this limited disclosure of the PSR to a third party for this purpose is "required to meet the ends of justice." *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1175 (2d Cir. 1983).

conditions is vested exclusively in the district court, *see* 18 U.S.C. § 3583, we have explained that "a district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion," *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015); *see id.* (holding that the district court must choose between inpatient and outpatient therapy because "the difference between the two programs might be said to be the difference between liberty and the loss of liberty"); *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001) ("If [the defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer."). However, a district court may "delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule." *Matta*, 777 F.3d at 122 (citation omitted).

Here, the district court did not delegate to the probation officer the decision as to whether Harris was required to attend the outpatient substance abuse and mental health treatment, but rather mandated such treatment as special conditions of her supervised release. Although the district court authorized the probation officer to determine whether the PSR and/or prior treatment records, or any portion thereof, needed to be disclosed to future treatment providers in connection with the mandatory outpatient treatment imposed by the district court, that decisionmaking authority with respect to the records does not make "[Harris's] liberty itself contingent on a probation officer's exercise of discretion." *Id*. Harris points to no instance where this Court or any court has held otherwise. *See United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) ("[F]or an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error . . . where there is no binding precedent from the Supreme Court or this Court."

7

(internal quotation marks and citation omitted)).  Thus, it was not plain error for the district court, under these particular circumstances, to delegate to the probation officer decisionmaking with respect to the disclosure of Harris's medical records and the PSR to the treatment providers.

*     *     *

We have considered Harris's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8